1  **CAREY D. GORDEN**
California State Bar No. 236251
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
4  E-Mail: carey_gorden@fd.org

5  Attorneys for Mr. Rivera-Diaz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  )  <br>  Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> LUIS HUMBERTO RIVERA-DIAZ,  )  <br>  )  <br>  Defendant.  )  <br> _____ ) | Case No. 08CR0302-JLS  <br><br> DATE: February 22, 2008  <br> TIME:  10:00 a.m.  <br><br> DEFENDANT'S OBJECTIONS  <br> TO THE RELEASE OF MATERIAL  <br> WITNESS NURIA CRISTINA  <br> RAMIREZ |

17  **TO:**     **KAREN HEWITT, UNITED STATES ATTORNEY;**
      **PAUL STARITA, ASSISTANT UNITED STATES ATTORNEY; and**
18      **LINDA KING, ATTORNEY FOR MS. RAMIREZ:**

19      **PLEASE TAKE NOTICE** that, on February 22, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant Luis Humberto Rivera-Diaz, by and through his attorneys, Carey D. Gorden, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order detaining material witness Nuria Cristina Ramirez.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# MOTIONS

Defendant Luis Humberto Rivera-Diaz, by and through his attorneys, Carey D. Gorden, and Federal Defenders of San Diego, Inc., moves this Court pursuant to the United States Constitution, 18 U.S.C. § 3144, and all other applicable statutes, case law, and local rules for an order:

(1) To Detain Material Witness Nuria Cristina Ramirez.

This motion is based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

DATED: February 15, 2008    /s/ Carey D. Gorden
**CAREY D. GORDEN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rivera-Diaz

**CAREY D. GORDEN**
California State Bar No. 236251
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: carey_gorden@fd.org

Attorneys for Mr. Rivera-Diaz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LUIS HUMBERTO RIVERA-DIAZ,<br><br>　　　　Defendant. | Case No. 08CR0302-JLS<br><br>DATE: February 22, 2008<br>TIME: 10:00 a.m.<br><br>DEFENDANT'S OBJECTION<br>TO THE RELEASE OF MATERIAL<br>WITNESS NURIA CRISTINA<br>RAMIREZ |

**I.**

**STATEMENT OF FACTS**

The following statement of facts and facts further cited in this motion are based primarily on the complaint and probable cause statement filed in this case. Defendant in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, Defendant reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

The government asserts that on or about January 23, 2008, Luis Humberto Rivera-Diaz was in a vehicle in which Nuria Cristina Ramirez was found. The government has charged Mr. Rivera-Diaz with violations of 8 U.S.C. §1324.

///

///

///

## II.

### THIS COURT SHOULD ORDER MS. RAMIREZ DETAINED PURSUANT TO 18 U.S.C. § 3144 TO PROTECT MR. RIVERA-DIAZ'S FIFTH AND SIXTH AMENDMENT RIGHTS

Mr. Rivera-Diaz has a Fifth Amendment due process right to a fair trial, as well as a Sixth Amendment right to compulsory process and to confront and cross-examine his accusers. The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will testify under oath; (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985). It allows the accused to test the recollection and the conscience of a witness through cross-examination and allows the jury to observe the process of cross-examination and make an assessment of the witness's credibility. Maryland v. Craig, 497 U.S. 836, 851 (1989). In a case such as this one, where Ms. Ramirez has received the benefit of the government refraining from pressing criminal charges in return for his testimony against the accused, it is important that the jury see the reaction and demeanor of Ms. Ramirez when confronted with questions that will bring out such facts in order for the jury to decide whether to believe his statements. The jury's ability to make such an assessment would be compromised by showing a videotaped deposition because the tape will not preserve subtle reactions of the witnesses under cross-examination that may favor the accused.

## III.

### THE INTRODUCTION OF MS. RAMIREZ'S DEPOSITION AT TRIAL WOULD VIOLATE MR. RIVERA-DIAZ'S SIXTH AMENDMENT RIGHT TO CONFRONTATION

If Ms. Ramirez is deported, the government should not be permitted to introduce his deposition testimony at trial. The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that out-of-court statements that are testimonial may only be introduced at trial if the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. 541 U.S. at 59 ("Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant had a prior opportunity to cross-examine."). In this case, because the material witness's recorded testimony is "testimonial," the material

///

1 witness is not "unavailable," and Mr. Rivera-Diaz did not have a meaningful opportunity to cross-examine
2 the witness, the introduction of the recorded testimony would be violative of the Sixth Amendment.

**A.    Deposition Testimony is Testimonial.**

The Crawford Court, in defining the "[v]arious formulations of th[e] core class of 'testimonial' statements," specifically found that "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," 541 U.S. 51-52 (internal citations and quotations omitted), are testimonial for purposes of the Sixth Amendment.

**B.    The Material Witness Is Not "Unavailable" Within the Meaning of the Sixth Amendment.**

The Constitution, Federal Rules of Evidence, case law, and common sense all dictate that a government's witness is not "unavailable" when he is deported by the government. At a minimum, in cases such as this where the government deports a witness, thus putting him beyond the subpoena power of the court, and later seeks the introduction of recorded testimony, violates a criminal defendant's Fifth and Sixth Amendment rights to due process, a fair trial and confrontation because the witness is made "unavailable" based on an intentional act of the government. Only the government can make the material witness unavailable (vis-a-vis the deportation). The government cannot create the unavailability of the witness, and then rely upon the unavailability of the witness in order to introduce the recorded testimony at trial.

Moreover, Federal Rule of Evidence 804(a) states, "declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying." Here, if called by the government, the material witness would not be "unavailable" for purposes of Rule 804 because his absence would be due to an intentional act of the government.

In Motes v. United States, 178 U.S. 458 (1900), the trial court admitted statements of a witness who was not present at the trial due to actions of the government. The witness had testified, under oath, at a "preliminary trial" and had been subject to cross-examination by defense counsel. Id. at 470. The witness, however, was not present for the actual trial. The Supreme Court explained:

> It did not appear that Taylor was absent from the trial by the suggestion, procurement, or act of the accused. On the contrary, his absence was manifestly due to the negligence of the officers of the government. Taylor was a witness for the prosecution. He had been committed to jail without bail. We have seen that the official agent of the United States in violation of law took him from jail after the trial of this case commenced, and, strangely

1   enough, placed him in charge, not of an officer, but of another witness for the government, with instructions to the latter to allow him to stay at a hotel at night with his family. And on the very day when Taylor was called as a witness, and within an hour of being called, he was in the corridor of the courthouse. When called to testify he did not appear.

Id. 471. Over objection by defense counsel, the trial court allowed the government to read into evidence the witness's prior testimony. The Supreme Court noted that the witness's "statement was lengthy, and showed a cross examination, or an opportunity for the cross-examination, of [the witness] by the present defendants." Id. Despite the prior opportunity of the defendants to cross-examine the witness, the Supreme Court held that the admission of the "statement or deposition taken at the examining trial was in violation of the constitutional rights of the defendants to be confronted with the witnesses against them." Id. Here, as in Motes, the admission of Ms. Ramirez's deposition at trial as a substitute for live testimony will violate Mr. Rivera-Diaz's Sixth Amendment rights.

**C.    Mr. Rivera-Diaz Did Not Have a Meaningful Opportunity to Cross-Examine the Material Witness.**

Mr. Rivera-Diaz again raises his objections to the taking of testimony at such an early stage of the proceedings before the case has been developed fully. Defense counsel did not receive any discovery until February 13, 2008 and his not had an opportunity to review it with Mr. Rivera-Diaz. Therefore, because Mr. Rivera-Diaz did not have a meaningful opportunity to effectively cross-examine the material witness, any potential introduction of this testimony at trial would violate his Sixth Amendment rights.

**IV.**

**CONCLUSION**

For the foregoing reasons, Mr. Rivera-Diaz respectfully requests that the Court order Ms. Ramirez detained.

Respectfully submitted,

DATED: February 15, 2008          /s/ Carey D. Gorden
                                  **CAREY D. GORDEN**
                                  Federal Defenders of San Diego, Inc.
                                  Attorneys for Mr. Rivera-Diaz